IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARK S. and L.S., <br><br>     Plaintiffs, <br><br>     v. <br><br> CARELON BEHAVIORAL HEALTH, CHEVRON CORPORATION, and the CHEVRON CORPORATION MENTAL HEALTH AND SUBSTANCE USE DISORDER PLAN, <br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:25-cv-00352 JNP <br><br> Judge Jill N. Parrish |

Plaintiffs Mark S. and L.S. (collectively, "Plaintiffs") brought this action against Carelon Behavioral Health ("Carelon"), Chevron Corporation ("the Plan Administrator"), and the Chevron Corporation Mental Health and Substance Use Disorder Plan ("the Plan") (collectively, "Defendants") after Defendants failed to pay for treatment L.S. received in Texas and in Utah.

This matter is before the court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 17). Pursuant to local rule 7-1(g) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(g).

1

**BACKGROUND**

This case concerns a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) regarding Plaintiff Mark S.'s attempt to obtain coverage for his child, L.S.'s, medical care and treatment at residential treatment facilities located in Texas and in Utah. Plaintiffs reside in Texas.

Chevron Corporation, the Plan Administrator, is headquartered in Texas and has been since January 2025. The Plan is a fully insured employee welfare benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), governed by 29 U.S.C. § 1001 *et seq.* While Plaintiffs' claims arose while the Plan Administrator's headquarters were located in California, both Plaintiffs and Defendants now reside in Texas. No named party resides in Utah and the Plan was not administered, adjudicated, or allegedly breached in Utah.

L.S. received medical care and treatment at The Menninger Clinic ("Menninger") from May 5, 2021, to June 4, 2021, and from Solacium New Haven RTC ("New Haven") from September 7, 2021, to September 2, 2022. Menninger is an inpatient psychiatric hospital located in Harris County, Texas. New Haven, a licensed treatment facility located in Utah County, Utah, provides sub-acute inpatient services to adolescents with mental health, behavioral, and/or substance abuse problems. Carelon denied claims for payment of L.S.'s medical expenses in connection with her treatment at both Menninger and New Haven.

Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also allege that Defendants violated the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") under ERISA section 1132(a)(3). Defendants now request a venue transfer pursuant to 28 U.S.C. § 1404(a), arguing that the United States District Court for the Southern District of Texas, where Plaintiffs

and Defendants now reside, is a closer and more convenient venue for all parties and witnesses. For the reasons set forth below, the court GRANTS Defendants' Motion to Transfer Venue.

## **DISCUSSION**

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

To ascertain whether a movant has met its burden, a district court should consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2), an ERISA action

3

may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* The breach occurs where the plan participant resides and would have received benefits. *Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, 2018 U.S. Dist. LEXIS 45130, at *3 (D. Utah Mar. 19, 2018). "[U]nder ERISA, the duty is owed to the plan participant and any breach of duty owed under the plan occurs at the place where the plan participant resides. The place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location." *Id.* (cleaned up). Thus, in this case, there is no dispute that the action could have originally been brought in the Southern District of Texas, where Plaintiffs reside.

The sole issue before the court, therefore, is whether the Southern District of Texas or the District of Utah is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant or material difference between the District of Utah and the Southern District of Texas regarding the enforceability of a judgment or the ability of the parties to receive a fair trial. Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

### Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff

4

does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where the District of Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, L.S.'s treatment in Utah provides the only connection to this forum.[1] None of the parties reside in Utah. The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. The fact that the Plan Administrator's headquarters were once located in California but are now located in Texas does not change this analysis. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling. Plaintiffs have failed to show that their choice of forum outweighs any other consideration in the transfer analysis.

<u>Accessibility of Witnesses and Other Sources of Proof</u>

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at *9). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Here, the relevant witnesses and documents involved in administering the Plan are located where the Plan was originally administered in California, and now, administered in Texas. The breach occurred where Plaintiffs reside, in Texas. Here, where no

---

[1] Plaintiffs' counsel is also located in Utah. Plaintiffs argue that because they were able to locate counsel for a more economical fee in Utah than in Texas, Plaintiffs' choice of venue should not be disturbed. The fact that Plaintiffs' counsel is located in Utah, however, is "immaterial and should not be considered as a factor in determining whether transfer is proper under 28 U.S.C. § 1404(a)." *Island View Residential Treatment Ctr. v. Kaiser Permanente*, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009).

witnesses or evidence are located in Utah, where the Plan was not administered or the claim was not denied in Utah, and where the breach occurred in Texas where the Plaintiffs reside, the Southern District of Texas is a more appropriate forum.

### Docket Congestion

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge and average weighted filings per judge." *Richard T.B.*, 2019 U.S. Dist. LEXIS 4816, at *9 (citation omitted). Based on federal court management statistics for the 12-month period ending September 2, 2025, the Southern District of Texas has a shorter time from filing to disposition in civil cases than the District of Utah. The Southern District of Texas also has a shorter time from filing to trial in civil cases than the District of Utah. Therefore, the congestion of dockets factor weighs in favor of transfer. *Id.*

### Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Southern District of Texas is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As previously stated, none of the parties in this case reside in Utah. Although the Plan Administrator was initially headquartered in California, Plaintiffs and Defendants reside in Texas. The Plan was not administered, adjudicated, or breached in Utah. In short, the practical considerations and the interests of justice weigh in favor of transferring the case to the Southern District of Texas.

## **CONCLUSION**

For the reasons articulated, Defendants' Motion to Transfer Venue (ECF No. 14) is GRANTED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court shall transfer this action to the United States District Court for the Southern District of Texas.

Dated this 24th day of March, 2026.

BY THE COURT:

JILL N. PARRISH
Chief United States District Court Judge